[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this action, the plaintiff has sued the defendant for personal injuries sustained when she fell on snow and ice while walking to the parking lot from the defendants' bingo hall. The defendants have moved for summary judgment on the grounds that the State of Connecticut has never assumed civil jurisdiction over the Tribe and the Tribe has never consented to such jurisdiction.
There is no factual dispute as to where the plaintiff was injured. The plaintiff is not an Indian member of the Tribe or of any other Indian Tribe. The State of Connecticut has never assumed civil jurisdiction over the Tribe and the Tribe has never consented to such jurisdiction. The Tribe does not provide a tribal court or forum.
The defendants argue that, pursuant to the Indian Civil Rights Act of 1968, 25 U.S.C. § 1302, et seq. ("ICRA"), there is no civil jurisdiction of the states unless the state assumes jurisdiction and the Tribe consents to such jurisdiction. Neither has occurred in this case. ICRA does not vest this Court with jurisdiction over personal injury actions between non-Indians and Indians where the injury has occurred on the premises of the Tribe's bingo hall in Ledyard, Connecticut.
Several state court decisions have held no jurisdiction as cited in defendants' brief and the case of LeFefvre v. Mashantucket Pequot Tribe, et al, U.S. District Court, District of Conn., Civil No. H-90-222 (AHN), decided January 7, 1991, has also held no state court jurisdiction for a fall on the Tribe's premises.
Accordingly, the defendant's motion for summary judgment is granted.
Hurley, J.